**FILED**
U.S. District Court
District of Kansas
07/23/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOE LOUIS STEWART, JR.,

       **Petitioner,**

   v.               **CASE NO. 26-3157-JWL**

TOMMY WILLIAMS,

       **Respondent.**

**<u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Joe Louis Stewart, Jr., who is currently incarcerated at El Dorado Correctional Facility in El Dorado, Kansas. (Doc. 1.) Petitioner has paid the filing fee. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed with prejudice because it was not timely filed.

**Background**

In 2017, a jury in the District Court of Lyon County, Kansas convicted Petitioner of two counts of aggravated indecent liberties with a child. (Doc. 1, p. 1.) *See also State v. Stewart*, 2020 WL 1074710, *1 (Kan. Ct. App. Mar. 6, 2020) (unpublished) (*Stewart I*), *rev. denied* Sept. 25, 2020. In 2018, the state district court sentenced him to concurrent sentences of life in prison without the possibility of parole for 25 years. (Doc. 1, p. 1); *Stewart I*, 2020 WL 1074710 at *3. Petitioner appealed to the Kansas Court of Appeals ("KCOA"), which affirmed his convictions in an opinion filed on March 6, 2020. *Stewart I*, 2020 WL 1074710 at *1. The Kansas Supreme Court

1

("KSC") denied review of the appeal on September 15, 2020, and Petitioner advises that he did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

On October 26, 2020, Petitioner sought state habeas relief by filing in the Lyon County District Court a motion under K.S.A. 60-1507. *See* publicly available records of *Stewart v. State*, Case No. 2020-CV-000106, available at https://casesearch.kscourts.gov. After holding an evidentiary hearing, the state district court denied relief. *See Stewart v. State*, 2024 WL 3384998, *1 (Kan. Ct. App. July 12, 2024) (unpublished) (*Stewart II*), *rev. denied* May 20, 2025. Petitioner appealed and, in an opinion issued on July 12, 2024, the KCOA affirmed the denial. *Id.* The KSC denied review on May 20, 2025. On May 29, 2026, Petitioner filed in this Court the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.)

## Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his petition. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the petition suggests that another subsection of the statute applies to control the date on which the one-year limitation period began. The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In this matter, the KSC denied review in Petitioner's direct appeal on September 5, 2020. The Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003); *see also Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (finding that the "conviction became final . . . when the ninety-day time period for filing a certiorari petition with the United States Supreme Court expired").

The Rules of the Supreme Court of the United States generally allow petitioners ninety

3

days from the date of entry of judgment in the highest state court to seek certiorari. Sup. Ct. R. 13(1). As a result of the COVID-19 pandemic, however, the Supreme Court temporarily allowed 150 days in which to file a petition for writ of certiorari. *See* Sup. Ct. Misc. Orders dated Mar. 19, 2020 and July 19, 2021. This adjusted timeframe was in effect when Petitioner could have filed his petition for writ of certiorari, so the last day on which Petitioner could have filed a petition for writ of certiorari was February 2, 2021. As noted above, Petitioner did not do so. Thus, on February 3, 2021, the one-year AEDPA limitation period would have begun to run.

But the AEDPA statute of limitations also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, Petitioner filed his K.S.A. 60-1507 motion on October 26, 2020, before the AEDPA statute of limitations began to run. Practically speaking, this means that instead of beginning to run on February 3, 20211—when the time for filing a petition for certiorari had expired—the AEDPA statute of limitations was immediately tolled, or paused. *See Robinson v. Whitten*, 2020 WL 7409596, *7 (N.D. Okla. Dec. 17, 2020) (unpublished) (holding that when a postconviction motion was filed before the conviction became "final" for purposes of the AEDPA, the day that the one-year limitation period began "was the first day of the statutory tolling period"). The statute of limitations remained tolled until May 20, 2025, when the KSC denied review in the appeal from the denial of Petitioner's K.S.A. 60-1507 motion. It then began to run on May 21, 2025.

Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was May 20, 2026. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). Petitioner did not file his § 2254 petition until May 29, 2026.

4

(*See* Doc. 1, p. 14.) Thus, it appears that this petition is untimely and must be dismissed as time-barred.

**Additional Statutory Tolling**

There is no indication in the petition currently before this Court that Petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Petitioner will be granted time, however, in which to show, if appropriate, that additional statutory tolling should apply.

**Equitable Tolling**

In addition, the federal habeas one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

Nothing in the petition now before the Court alleges circumstances that justify additional equitable tolling of the statute of limitations in this matter. Petitioner will be granted time, however, to show that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition. To obtain equitable tolling, Petitioner must also show that he was diligently pursuing his claims during any time he seeks to equitably toll the federal habeas statute of limitations.

5

**Actual Innocence**

Finally, an exception to the one-year time limitation exists where a petitioner adequately asserts his actual innocence. "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). In order to pass through the actual innocence gateway, Petitioner must provide this Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

To be clear, Petitioner is not required to conclusively exonerate himself in order to pass through the actual innocence gateway. But he must present the Court with new, reliable evidence—meaning reliable evidence that was not presented at his trial—and he must "demonstrate 'that more likely than not any reasonable juror would have reasonable doubt'" about his guilt in light of the new, reliable evidence. *See Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Thus, arguments based on legal insufficiencies will not open the actual innocence gateway.

In other words, the actual innocence gateway will open—meaning that this Court may consider the merits of Petitioner's grounds for federal habeas relief—only if Petitioner presents to this Court reliable evidence that was not presented at his trial and which, when considered with all

6

of the other relevant evidence, makes it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crimes of which he was convicted. This is a high bar, in recognition of the Tenth Circuit's explanation that

> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

## Conclusion

In summary, the petition that began this case does not appear to have been timely filed. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 review and issue further orders as necessary. If Petitioner fails to timely submit a response to this order or if his response does not show entitlement to additional statutory tolling, equitable tolling, or the actual innocence gateway, this matter will be dismissed with prejudice as untimely without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until and including **August 24, 2026**, in which to show cause, in a single written response to this order, why this matter should not be dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED:   This 23rd day of July, 2026, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge