FILED
U.S. District Court
District of Kansas
09/15/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOE LOUIS STEWART, JR.,**

**Petitioner,**

**v.** **CASE NO. 26-3157-JWL**

**TOMMY WILLIAMS,**

**Respondent.**

**MEMORANDUM AND ORDER**

Petitioner and state prisoner Joe Louis Stewart, Jr. filed a petition seeking federal habeas relief under 28 U.S.C. § 2254. (Doc. 1.) On August 19, 2026, the Court dismissed this case with prejudice because Petitioner did not file it within the applicable statute of limitations. (Doc. 9.) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court denied a certificate of appealability in the dismissal order. It explained:

> Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).
>
> > "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."
>
> *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

(Doc. 9, p. 6-7.)

This matter comes now before the Court on Petitioner's motion for certificate of

appealability.[1] (Doc. 12.) Therein, Petitioner sets forth the standards for issuing a certificate of appealability, accurately noting that he need not show that he would prevail on the merits of his claims. *Id.* Nothing in the motion, however, challenges the Court's conclusion that jurists of reason would not find debatable its procedural ruling that Petitioner did not comply with the statute of limitations. (*See* Doc. p. 7 (noting that failure to make this showing "requires the denial of a [certificate of appealability]").) Thus, the Court maintains its prior decision not to grant a certificate of appealability in this matter.

**IT IS THEREFORE ORDERED** that Petitioner's motion for certificate of appealability (Doc. 12) is **denied**. The clerk shall transmit a copy of this order to the Tenth Circuit.

**IT IS SO ORDERED.**

DATED: This 15th day of September, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

[1] The Court notes that it appears to have received only part of the motion—the single page it received titled "Notice of Appeal" and "Application for Certificate of Appealability" contains no signature and includes only a part "A." (Doc. 12.)